# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN M. MARCHI, Individually and ANDREW J. HUTTON, as Personal Representative for the ESTATE OF PAULA S. HUTTON, <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>GALE A. NORTON, SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES FISH AND WILDLIFE SERVICES, <br><br>　　　　　Defendant. | C.A. NO.: 3:05-CV-30037-MAP |

## PLAINTIFF'S MOTION TO AMEND COMPLAINT
(Assented to)

　　　　The plaintiffs, Joan M. Marchi and Andrew J. Hutton, by their attorney, Linda L. Pisano, hereby moves to Amend the Complaint in the above-referenced matter. As grounds for this motion, the plaintiffs state that an additional cause of action arose after the date of the original complaint.

　　　　In accordance with Local Rule 7.1, the undersigned attorney certifies that she has conferred with defendant's counsel, the United States Attorney for the District of Massachusetts and she assents to this motion.

　　　　WHEREFORE, the plaintiff respectfully requests that plaintiff be allowed to amend the complaint.

          Respectfully submitted,

          JOAN M. MARCHI

By:   /s/ Linda L. Pisano
      LINDA L. PISANO
      Allison, Angier & Bartmon, LLP
      69 South Pleasant Street, Suite 201
      Amherst, MA 01002
      (413) 253 – 9700

DATED: May 18, 2005

## CERTIFICATE OF SERVICE

This is to certify that I have, this day, served upon the person listed below, a copy of the foregoing document by first class mail, postage pre-paid, a copy of same to the address listed below:

      Karen L. Goodwin
      Assistant United States Attorney
      1550 Main Street, Room 310
      Springfield, MA 01103-1422

DATED: May 18, 2005          /s/ Linda L. Pisano
                                     LINDA L. PISANO
                                       Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS (WESTERN DIVISION)**

| | |
|---|---|
| JOAN M. MARCHI, Individually and ANDREW J. HUTTON, as Personal Representative for the ESTATE of PAULA S. HUTTON<br>      Plaintiffs<br><br>vs<br><br>GALE A. NORTON, SECRETARY OF THE INTERIOR, UNITED STATES UNITED STATES DEPARTMENT OF INTERIOR, FISH AND WILDLIFE SERVICES | )<br>)<br>)<br>)<br>)<br>) C.A. NO.: 3:05-CV-30037-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SECOND AMENDED COMPLAINT**
**AND JURY DEMAND**

**INTRODUCTION**

1. This is an action brought by Plaintiffs against Gale A. Norton, Secretary, United States Department of the Interior (hereinafter, "DOI"), in Secretary's official capacity as head of the United States Fish and Wildlife Services, Region 5 (hereinafter, "USFWS") seeking damages under Title VII of the Civil Rights Act of 1964 and the Equal Pay Act for sex discrimination and retaliation, including the unlawful payment of wages at a rate less than the rate paid to male employees who do the same work, in the same office, with the same or greater level of education and experience, and under substantially equal working conditions.

## PARTIES

2. Plaintiff, Joan M. Marchi (hereinafter, "Ms. Marchi"), is a female who resides in Somers, Tolland County, Connecticut. Ms. Marchi has been employed by the USFWS at its office in Hadley, Massachusetts from 1993 to present, including all times relevant to this Complaint.

3. Plaintiff, Andrew Hutton, is the Administrator of the Estate of his deceased wife, Paula S. Hutton (hereinafter, "Ms. Hutton"), a female who resided in Easthampton, Massachusetts and who was employed by the USFWS at its office in Hadley, Massachusetts from 1992 until the time of her death on June 7, 2004.

4. The Defendant, Gale A. Norton, is the Secretary of DOI (hereinafter, "Secretary"). As such, defendant is the head of the USFWS, a department within the Executive Branch of the Government of the United States, which has more than 500 employees in 20 or more calendar weeks in each year since 1985. The Secretary is here sued only in official capacity as head of the USFWS.

## JURISDICTION

5. This Court has subject matter jurisdiction over the claims raised herein pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-5 and 16 et. Seq. (hereinafter, "Title VII"); and the Equal Pay Act, as amended by the Fair Labor Standard Amendments of 1974, 29 U.S.C. §§ 206(d) and 216(b) (hereinafter, "Equal Pay Act"). This Court also

has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1983, 1985 and 1988 and generally over the claims raised in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1334.

## VENUE

6. Venue is proper in the Western District of Massachusetts as the USFWS Office is located in Hadley, Massachusetts; the acts complained of occurred in Hadley, Massachusetts; and Ms. Marchi and Ms. Hutton worked for USFWS in Hadley, Massachusetts during all times relevant to this complaint.

## FACTS

7. At all times relevant to this Complaint, Ms. Marchi and Ms. Hutton were employed by USFWS as GS-11, Realty Specialists in USFWS' Branch of Realty Management (hereinafter, "Realty Management") within USFWS' Division of Realty (hereinafter, "Realty Division").

8. Most Realty Specialists fall into either the GS-11 or GS-12 pay grades. Typically, a Realty Specialist's (hereinafter, "Specialist") workload consists of being assigned all acquisition work associated with various wildlife refuges (hereinafter, "refuge"). Within each refuge, the Specialist must acquire, manage, and dispose of property in conjunction with public lands programs and water projects as part of the USFWS mission.

9. During the times relevant to this Complaint, within Realty Management, there were six GS-12, Specialists and two GS-11, Specialists. Five of the six GS-12, Specialists were male and the two GS-11, Specialists, Ms. Marchi and Ms.

        Hutton, were female. The one female GS-12, Specialist, Katherine Bentley, left USFWS in June 2003, thereby leaving the five male, GS-12, Specialists.

10. Ms. Marchi started working in Realty Management as a GS-5, Realty Assistant in 1997, and eventually attained the GS-11, Specialist pay grade on or about August 12, 2000.

11. Since on or about August 12, 2000, Ms. Marchi has performed, and continues to perform, work equal to the work of the male, GS-12, Specialists. Ms. Marchi's work requires substantially equal skill, effort and responsibility, and is performed under substantially equal working conditions as the male, GS-12, Specialists who are paid more.

12. In addition to performing work equal to the male, GS-12, Specialists who are paid more, Ms. Marchi also has the responsibility of being the Migratory Bird Conservation Commission Coordinator for USFWS, Region 5, a task previously performed by GS-12, Specialists. Furthermore, on or about January 2004, Ms. Marchi had the responsibility of coordinating and organizing the Land and Water Conservation Fund Briefing Book for USFWS, Region 5, a task typically performed by a GS-13.

13. On various dates between on or about August 2000 and on or about July 2003 Ms. Marchi was asked to be the Realty Management's "Acting Team Leader,"(a GS-13 position) reviewing all the work of the GS-11 and GS-12, Specialists. Ms. Marchi was asked to perform this function due to the professional, highly skilled, knowledgeable, and competent manner in which she handled this task.

14. Ms. Marchi has Bachelor's degrees in Sociology and Wildlife and Fisheries Biology and has taken graduate level courses in Wildlife Biology, which is a superior education to most, and at least equal to all male, GS-12, Specialists.

15. Notwithstanding the fact that Ms. Marchi (a) has performed, and continues to perform work equal to that of GS-12, Specialists in a professional, highly skilled, knowledgeable, and competent manner; (b) assumes additional responsibilities, above and beyond the responsibilities of a GS-12, Specialist; (c) has won performance awards for her work; and (d) has held the GS-11, Specialist position for approximately four and one-half years, Ms. Marchi has not received any further grade promotions, unlike her male counterparts who have typically been promoted more quickly.

16. Ms. Hutton started working in Realty Management as a GS-5, Realty Assistant on or about 1997 and eventually attained the GS-11, Specialist pay grade on or about August 12, 2000.

17. Between on or about August 12, 2000 and on or about June 2004, Ms. Hutton performed work equal to the work of the male, GS-12, Specialists. Ms. Hutton's work required substantially equal skill, effort and responsibility, and was performed under substantially equal working conditions as the male, GS-12, Specialists who were paid more.

18. Between August 12, 2000 and on or about June 2004, in addition to performing work equal to the male, GS-12, Specialists who are paid more, Ms. Hutton, also had the responsibility of making revenue sharing payments to every county in each of the 13 states in Region 5, where refuge lands exist.

19. Ms. Hutton had an Associates degree in Business Studies and had taken undergraduate courses in Business in pursuit of her Bachelor's degree.

20. Notwithstanding the fact that Ms. Hutton (a) performed work equal to that of GS-12, Specialists in a professional, highly skilled, knowledgeable, and competent manner; (b) assumed additional responsibilities, above and beyond the responsibilities of a GS-12, Specialist; (c) has won performance awards for her work; and (d) held the GS-11, Specialist position for approximately four years, Ms. Hutton did not received any further grade promotions, unlike her male counterparts who have typically been promoted more quickly.

21. Most refuges assigned to both Ms. Marchi and Ms. Hutton had previously been handled by GS-12, Specialists. Upon Ms. Hutton's death, most of the refuges she handled were reassigned back to GS-12, Specialists.

22. During approximately 1999 and 2000, Ms. Marchi had been sexually harassed by one of her supervisors, Andrew French (hereinafter, "Mr. French"), who was, at the time, the GS-14, Chief of the Realty Division. Mr. French repeatedly made sexual advances towards Ms. Marchi and repeatedly requested that Ms. Marchi engage in a relationship with him. Despite Ms. Marchi's attempts to avoid Mr. French and her repeated assertions that she was involved with someone else, Mr. French persisted. Mr. French informed Ms. Marchi's immediate supervisor, Susan Olivera (hereinafter, Ms. Olivera"), who was the GS-13, Branch Chief, Realty Management, of his interest in Ms. Marchi. Upon learning that Ms. Marchi had become engaged

   to someone else in December 2000, USFWS, through the acts of its agents, including Mr. French and others, became hostile towards Ms. Marchi.

23. Ms. Marchi did not initially officially report this behavior because of her fear of retaliation and/or loss of job.

24. Between on or about December 2000 and on or about March 2004, USFWS, through the acts of its agents, including Mr. French, retaliated against Ms. Marchi for rebuffing Mr. French's sexual advances and then for reporting the sexual harassment on or about October 2002. This retaliation includes, but is not limited to:

(a). On or about August 2001: Despite work performance worthy of the highest evaluation score, she received a lower score. This evaluation was prepared by Ms. Olivera and approved by Mr. French.

(b). On or about August 2002: Despite work performance worthy of the highest evaluation score, she received a lower score. This evaluation was prepared by Ms. Olivera and approved by Mr. French. Ms. Marchi filed a Union grievance regarding this unfair performance evaluation based on the fact that her work production exceeded that of any GS-11 or GS-12 in Realty Management. As a result of her successful grievance, Ms. Marchi's performance evaluation was upgraded to the highest performance score.

(c). On or about October 10, 2002 USFWS officials knowingly accused Ms. Marchi falsely of misconduct and proposed she be temporarily suspended on these false charges of misconduct. Mr. French, Ms. Olivera, and Ms.

        Betty Jarous (hereinafter, "Ms. Jarous," who, at the time, was the GS-12 Team Leader within Realty Management) all provided statements in support of the suspension. Ms. Marchi enlisted the assistance of her Union, stating that the false accusations were the result of retaliation by Mr. French and other USFWS officials, based on past sexual harassment and Union involvement. The proposed suspension was rescinded pending further investigation. After USFWS' investigation into the sexual harassment complaint, Mr. French was transferred out of the Hadley, Massachusetts office.

(d). Despite the fact that the USFWS rescinded the proposed suspension approximately two (2) years prior, on or about November 26, 2004, Ms. Marchi received a letter from DOI / USFWS officials falsely re-alleging the misconduct raised in sub-paragraph (c) above. USFWS's re-allegation occurred more than two years after it had been originally raised and then subsequently rescinded for "further investigation."

25. On or about 2002, two males, Tom Sampson and Tom Geser, were given lateral transfers into Realty Management as GS-12, Specialists. On information and belief, both males had minimal or no actual experience working as a GS-12, Specialists, thus, Ms. Marchi and Ms. Hutton repeatedly provided the males assistance with their work.

26. Between 2002 and 2004 two additional males, Thomas Plausky and Robert Hillis, were given non-competitive promotions within the Division of Realty.

    One male, Robert Hillis, was promoted from GS-11 to GS-12. The second male, Thomas Plausky, was promoted from GS-9 to GS-10.

27. On or about July 2003, Ms. Marchi and Ms. Hutton made claims of gender discrimination and unequal pay to USFWS officials. USFWS failed to comply with its obligations pursuant to 29 CFR 1614.102 by failing to inform Ms. Marchi and Ms. Hutton of the EEO policy and process for discrimination complaints and by failing to properly process their complaint of discrimination.

28. On or about September 2003, USFWS failed to comply with its obligations pursuant to 29 CFR 1614.102 and instead ordered a desk audit of their GS-11, Specialist positions. The desk audit was unfairly and improperly performed and resulted in Ms. Marchi and Ms. Hutton remaining as GS-11, Specialists.

29. Evidence of discrimination and retaliation against Ms. Marchi and Ms. Hutton, as a result of Ms. Marchi's and Ms. Hutton's EEO and/or union activity include, but are not limited to:

    (a). Ms. Jarous, an agent of USFWS, stated that she would see to it that Ms. Marchi was never promoted and that "no one wins when a union grievance is filed."

    (b). USFWS officials unfairly and improperly performed a desk audit of Ms. Marchi's and Ms. Hutton's GS-11, Specialist positions resulting in no promotion while two males in the Division of Realty received non-competitive promotions without a desk audit.

(c).   Ms. Marchi's "end-of-year" bonuses for 2003 and 2004 were less than most male GS-12, Specialists despite the fact that her workload and additional responsibilities were superior to or equal to male Specialists.

(d).   On or about July 2004 DOI / USFWS failed to give Ms. Marchi an award for her work on the Aroostook Refuge, which Mr. Robert Peyton, then Acting Manager at Aroostook / Moose Horn Refuge had proposed she receive, for her outstanding work at that Refuge.

(e).   After Ms. Marchi and Ms. Hutton discrimination complaints made on or about July 2003, Ms. Marchi was never again asked to be the "Acting Team Leader" for Realty Management – a task she had been repeatedly asked to perform prior to her claim of discrimination.

(f).   On or about November 26, 2004, Ms. Marchi received a letter from DOI / USFWS officials falsely re-alleging misconduct on the part of Ms. Marchi that had originally been alleged more than two (2) years earlier and which had been subsequently rescinded.

(g).   The DOI / USFWS failed to take into account that Ms. Marchi and Ms. Hutton performed equal or superior work, while possessing equal or superior skill, formal education, training, effort and responsibility under similar working conditions within the same establishment as the male, GS-12, Specialists who earn(ed) more money.

(h).   The DOI / USFWS failed to take into account additional qualities of Ms. Marchi and Ms. Hutton which were equal or superior to the male, GS-12,

> Specialists who earn(ed) more money. These additional qualities include, but are not limited to:
>
> > (i). Attendance at, and successful completion of, more USFWS trainings than most, if not all, the male, GS-12, Specialists.
> >
> > (ii). Performance of additional tasks which has required effort greater than that of the male, GS-12, Specialists.
> >
> > (iii). Ms. Marchi's routine appointment as "Acting Team Leader," reviewing the work of GS-11 and GS-12, Specialists.
> >
> > (iv). Successful completion of outside the agency real estate licensing course.
> >
> > (v). Awards received by both Ms. Marchi and Ms. Hutton for job performance.

## COUNT I
### Sex Discrimination (Title VII)
### Joan Marchi

30. Ms. Marchi incorporates by reference, and makes a part of this Count; all paragraphs 1 through 29 of this Complaint.

31. The treatment accorded Ms. Marchi by DOI / USFWS as specified in paragraphs 1 through 29 above, was and is the result of intentional sex based discrimination by DOI / USFWS. As a result of these discriminatory actions, defendant violated and continues to violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-16 et seq., by intentionally

        discriminating against Ms. Marchi in employment practices on the basis of her sex.

32. As a result of defendant's violations of Title VII, as specified above, Ms. Marchi has suffered and continues to suffer injury in the form of lost promotions and lost promotional opportunities, lost pay and other benefits associated with such employment, promotions and otherwise, damage to her career and to her professional and personal reputation, embarrassment, humiliation, and mental and emotional pain.

## COUNT II
## Equal Pay Act Violation
## Joan Marchi

33. Ms. Marchi incorporates by reference, and makes a part of this Count, all paragraphs 1 through 29 of this Complaint.

34. In paying Ms. Marchi less than her male colleagues when she performed work equal to the work they performed, when such work all requires substantially equal skill, effort and responsibility, and is performed under substantially equal working conditions, as specified in paragraphs 1 – 29 above, defendant has violated the Equal Pay Act.

35. Defendant's violations of the Equal Pay Act with regard to Ms. Marchi were and are willful and intentional.

36. As a result of defendant's violations of the Equal Pay Act, Ms. Marchi has lost pay and benefits, continues to lose pay and benefits, and has and continues to otherwise suffer.

**COUNT III**
**Retaliation (Title VII)**
**Joan Marchi**

37. Ms. Marchi incorporates by reference, and makes a part of this Count, all paragraphs 1 through 29 of this Complaint.

38. The treatment accorded Ms. Marchi by officials of DOI / USFWS after she first complained of sexual harassment and then discrimination on the basis of sex by DOI /USFWS as specified in paragraphs 1 – 29 above, was the result of intentional discrimination against Ms. Marchi in retaliation for her having complained of sexual harassment, sex discrimination and based on her Union and EEO activity.

39. As a result of these actions, defendant willfully, wantonly, recklessly and maliciously violated and continues to violate the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-16 et seq., by discriminating against Ms. Marchi in retaliation for her having previously complained of sex discrimination in employment practices at DOI.

40. As a result of defendant's unlawful conduct in violating Title VII's prohibition against reprisal, Ms. Marchi has suffered and continues to suffer damage in the form of lost promotions and lost promotional opportunities, lost pay and other benefits associated with such employment, promotions and otherwise, damage to her career and to her professional and personal reputation, embarrassment, humiliation, and mental and emotional pain, including, without limitation, physical pain and injuries related to stress and anxiety.

## COUNT IV
### Equal Pay Act Violation
### Estate of Hutton

41. Estate of Hutton incorporates by reference, and makes a part of this Count, all paragraphs 1 through 29 of this Complaint.

42. In paying Ms. Hutton less that her male colleagues when she performed work equal to the work they performed, which work all required substantially equal skill, effort and responsibility, and which was performed under substantially equal working conditions, as specified in paragraphs 1 – 29 above, defendant has violated the Equal Pay Act.

43. Defendant's violations of the Equal Pay Act with regard to Ms. Hutton were willful and intentional.

44. As a result of defendant's violations of the Equal Pay Act, Ms. Hutton lost pay and benefits and otherwise suffered.

## COUNT V
### Sex Discrimination (Title VII)
### Estate of Hutton

45. Estate of Hutton incorporates by reference, and makes a part of this Count; all paragraphs 1 through 29 of this Complaint.

46. The treatment accorded Ms. Hutton by DOI / USFWS as specified in paragraphs 1 through 29 above, was the result of intentional sex based discrimination by DOI / USFWS. As a result of these discriminatory actions, defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42

    U.S.C. §§ 2000e-16 et seq., by intentionally discriminating against Ms. Hutton in employment practices on the basis of her sex.

47. As a result of defendant's violations of Title VII, as specified above, Ms. Hutton has suffered injury in the form of lost promotions and lost promotional opportunities, lost pay and other benefits associated with such employment, promotions and otherwise, damage to her career and to her professional and personal reputation, embarrassment, humiliation, and mental and emotional pain.

### Prayer for Relief for Plaintiffs, Joan Marchi and Estate of Hutton

**WHEREFORE**, plaintiff prays that this Court order the following relief:

(a). Enter judgments for Ms. Marchi and Ms. Hutton, against defendant on all counts of the Complaint.

(b). Award Ms. Marchi and Estate of Hutton compensatory damages against defendants for violating Title VII's proscription against intentional sex discrimination in employment practice in an amount not less than $500, 000.00 for each Plaintiff, plus interest thereon;

(c). Award Ms. Marchi and Estate of Hutton, compensatory damages against defendants for violating Title VII's proscription against intentionally discriminating against plaintiff in retaliation for having complained of sex and wage discrimination in an amount not less than $500,000.00 for each Plaintiff, plus interest thereon;

(d).   Order defendant to provide Ms. Marchi and Estate of Hutton with full back pay for the difference in pay grade between GS-11, Realty Specialist and GS-12, Realty Specialist, with interest thereon, retroactive to the date on which both Ms. Marchi and Ms. Hutton effectively should have had their pay increased to the GS-12, Realty Specialist and other benefits retroactive to the date on which they effectively should have had their pay increased to the GS-12, Realty Specialist through present for Ms. Marchi and until June 7, 2004 for Ms. Hutton;

(e).   Order defendant to pay Ms. Marchi and Estate of Hutton an amount equal to the amount to be paid each of them in back pay, with interest thereon, as liquidated damages attributable to defendant's violation of the Equal Pay Act, as amended;

(f).   Order defendant to provide Ms. Marchi and Estate of Hutton with all pay increases, step increases, vacation time increases, promotions, awards, bonuses and the like, with full back pay (and interest thereon) as to each, which Ms. Marchi and Ms. Hutton would have received if they had never been discriminated against or retaliated against, and had they worked in a discrimination-free / reprisal-free environment with outstanding performance appraisals since August 12, 2000 through present for Ms. Marchi and until June 7, 2004 for Ms. Hutton;

(g).   Order defendant to correct all DOI / USFWS records, including Ms. Marchi's and Ms. Hutton's official personnel folder, to accord with the relief order by the Court, and to destroy all records that are inconsistent with such relief;

(h).   Enjoin defendant permanently from discriminating or retaliating against Ms. Marchi in the future;

(i).	Award Ms. Marchi and Estate of Hutton, their costs of this action and the administrative complaints that preceded it, including reasonable attorneys' fees, with interest thereon, pursuant to 42 U.S.C. Sec. 2000e-5(k) and 29 U.S.C. Sec. 216(b);

(j).	Award such other and further relief as in the opinion of this Court the interests of justice may require.

### Jury Demand

Plaintiffs hereby request a trial by jury on all Counts so triable.

May 18, 2005

                        Plaintiffs, Joan M. Marchi and
                        Andrew J. Hutton on behalf of the
                        Estate of Paula S. Hutton
                        By their Attorneys

                        _____
                        Linda L. Pisano
                        Allison, Angier and Bartmon, LLP
                        69 South Pleasant Street, Suite 201
                        Amherst, Massachusetts 01002
                        (413) 253 – 9700

**CERTIFICATE OF SERVICE**

      I, Linda L. Pisano, Counsel for Plaintiffs, hereby certify that a true copy of the above-referenced document was served upon the United States Attorney's Office, as Counsel for United States Department of the Interior, 1550 Main Street, Springfield, MA 01103 by first class mail on this date.

Date: _____     _____
                                                              Linda L. Pisano