```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

JOAN M. MARCHI, Individually   )
and ANDREW J. HUTTON, as       )
Personal Representative for    )
the ESTATE OF PAULA S.         )
HUTTON,                        )
                               )    Case No. 05CV30037-MAP
              Plaintiffs,      )
                               )
      v.                       )
                               )
GALE A. NORTON, SECRETARY OF   )
THE UNITED STATES DEPARTMENT   )
OF THE INTERIOR, UNITED STATES )
FISH AND WILDLIFE SERVICES,    )
                               )
              Defendant.       )
```

**MEMORANDUM IN SUPPORT OF
MOTION TO AMEND ANSWER TO SECOND AMENDED COMPLAINT**

The defendant, the Secretary of the Untied States Department of the Interior, submits this memorandum of law in support of her motion to amend her answer.

**BACKGROUND**

At times relevant to the complaint, the plaintiff, Joan Marchi, and the plaintiff's decedent, Paula Hutton, were employees of the United States Department of the Interior, Fish and Wildlife Service.  The plaintiffs assert claims under Title VII of the Civil Rights Act of 1964 and the Equal Pay Act, alleging that they have been paid less than similarly situated male employees.  The plaintiff, Joan Marchi, also alleges sexual harassment and retaliation.

The defendant answered the Amended Complaint on May 27, 2005.  The court then established a discovery schedule setting

November 30, 2005, as the deadline for service of written discovery, and May 30, 2006, as the deadline for completing non-expert depositions.

The administrative history of the plaintiffs' complaint is somewhat unclear. The plaintiffs allege that they asserted discrimination claims on or about July, 2003. Amended Complaint ¶ 27. However, the Equal Employment Opportunity ("EEO") file indicates that the first EEO contact was April 5, 2004. The defendant noticed this discrepancy recently while preparing her written discovery requests. Accordingly, the defendant seeks leave to amend her answer to assert as a special defense the failure to timely exhaust administrative remedies.

## ARGUMENT

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). Absent futility, undue delay or prejudice to the opposing party, amendment should be allowed. <u>Resolution Trust Corporation v. Gold</u>. 30 F.3d 251, 253 (1st Cir. 1994); <u>Albertini v. Summit Technical Services, Inc.</u>, 287 F.Supp.2d 92, 95 (D. Mass. 2003).

In this case, the court should grant the motion to amend because justice so requires and there are no countervailing considerations. Failure to timely exhaust administrative remedies is a defense to Title VII cases. See <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 563 (1st Cir. 2005). Therefore, it is in the interest of justice to permit amendment. Moreover, there has

2

been no undue delay and amendment will not prejudice the plaintiffs. The parties have just commenced discovery with the service of interrogatories and requests for production. There is ample time before the conclusion of discovery in May, 2006, for the plaintiffs to conduct discovery on the exhaustion issue.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that her motion for leave to amend be granted.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/Karen L. Goodwin
KAREN L. GOODWIN
Assistant U.S. Attorney
1550 Main Street, Room 310
Springfield, MA 01103-1422

DATED: December 19, 2005      (413) 785-0235

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Donald J. Allison
> Linda L. Pisano
> Allison, Angier and Bartmon, LLP
> 69 South Pleasant Stret, Suite 201
> Amherst, MA 01002

This 19th day of December, 2005.

 /s/Karen L. Goodwin
KAREN L. GOODWIN
ASSISTANT UNITED STATES ATTORNEY