```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

JOAN M. MARCHI, Individually  )
and ANDREW J. HUTTON, as      )
Personal Representative for   )
the ESTATE OF PAULA S.        )
HUTTON,                       )
                              )   Case No. 05CV30037-MAP
            Plaintiffs,       )
                              )
     v.                       )
                              )
                              )
GALE A. NORTON, SECRETARY OF  )
THE UNITED STATES DEPARTMENT  )
OF THE INTERIOR, UNITED STATES)
FISH AND WILDLIFE SERVICES,   )
                              )
            Defendant.        )
```

## AMENDED ANSWER TO SECOND AMENDED COMPLAINT

The defendant, Gale A. Norton, Secretary of the Untied States Department of the Interior, by her attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, answers the second amended complaint as follows:

1. As to paragraph 1, the defendant admits that the paragraph generally describes the allegations of the plaintiffs' complaint but denies the substance of said allegations.

2. The defendant admits paragraph 2.

3. As to the allegations of paragraph 3 concerning the status of Andrew Hutton,, the defendant has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiffs to their proof. The defendant admits the remainder of paragraph 3.

4. The defendant admits paragraph 4.

5. The defendant admits the first sentence of paragraph 5 but denies the second sentence of paragraph 5.

6. As to paragraph 6, the defendant admits that venue is appropriate in this district. The defendant denies the remainder of paragraph 6.

7. The defendant admits paragraph 7.

8. The defendant admits the first sentence of paragraph 8. The defendant denies that the remainder of paragraph 8 fully and accurately describes the workload of a realty specialist.

9. As to paragraph 9, the defendant admits that at a certain point in time, the composition of the Realty Management Office was as described. The defendant denies the allegation that this time frame was the "relevant" time period.

10. The defendants admits paragraph 10 except states that the date of the promotion was July 30, 2000.

11. The defendant denies paragraph 11.

12. As to paragraph 12, the defendant admits that at various times the plaintiff Marchi was the Migratory Bird Conservation Commission Coordinator and was responsible for organizing the Land and Water Conservation Fund Briefing Book. The defendant denies the remainder of paragraph 12.

13. As to paragraph 13, the defendant admits that the plaintiff Marchi was asked to serve as the acting team leader on

several occasions. The defendant denies the remainder of paragraph 13.

14. At to paragraph 14, the defendant has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

15. The defendant denies paragraph 15.

16. The defendants admits paragraph 16 except states that the date of the promotion was July 30, 2000.

17. The defendant denies paragraph 17.

18. As to paragraph 18, the defendant admits that the plaintiff Hutton had responsibility at times for making revenue sharing payments. The defendant denies the remainder of paragraph 18.

19. As to paragraph 19, the defendant has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

20. The defendant denies paragraph 20.

21. As to paragraph 21, the defendant has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiffs to their proof.

22. The defendant denies paragraph 22.

23. The defendant denies paragraph 23.

24. As to 24(a), the defendant admits that the plaintiff Marchi's evaluation was prepared by Olivera and approved by French, but denies the remainder of paragraph 24(a).

As to 24(b), the defendant admits that the plaintiff Marchi's evaluation was upgraded following her union grievance, but denies the remainder of 24(b).  The defendant denies 24(c).  As to 24(d), the defendant admits that on or about November 26, 2004, the defendant sent a memorandum to the plaintiff Marchi relating to the October 11, 2002, proposed suspension.  The defendant denies the remainder of 24(d).

    25.   The defendant denies paragraph 25.

    26.   As to paragraph 26, the defendant admits that between 2002 and 2004, the identified individuals earned the described promotions.  The defendant denies the remainder of paragraph 26.

    27.   The defendant denies paragraph 27.

    28.   The defendant denies paragraph 28.

    29.   The defendant denies 28(a), (b), (c), (e), (f), (g) and (h).  As to 29(d), the defendant admits that it did not give the plaintiff Marchi an award that had been recommended by Robert Peyton for work done at the Aroostook Refuge, but denies the remainder of 29(d).

**COUNT I**

    30.   The answers to paragraphs 1 through 29 are incorporated as the answer to paragraph 30.

    31.   The defendant denies paragraph 31.

    32.   The defendant denies paragraph 32.

## COUNT II

33.  The answers to paragraphs 1 through 29 are incorporated as the answer to paragraph 33.

34.  The defendant denies paragraph 34.

35.  The defendant denies paragraph 35.

36.  The defendant denies paragraph 36.

## COUNT III

37.  The answers to paragraphs 1 through 29 are incorporated as the answer to paragraph 37.

38.  The defendant denies paragraph 38.

39.  The defendant denies paragraph 39.

40.  The defendant denies paragraph 40.

## COUNT IV

41.  The answers to paragraphs 1 through 29 are incorporated as the answer to paragraph 41.

42.  The defendant denies paragraph 42.

43.  The defendant denies paragraph 43.

44.  The defendant denies paragraph 44.

## COUNT V

45.  The answers to paragraphs 1 through 29 are incorporated as the answer to paragraph 45.

46.  The defendant denies paragraph 46.

47.  The defendant denies paragraph 47.

**FIRST AFFIRMATIVE DEFENSE**

Any pay differential was due to seniority, merit, production and/or factors other than sex.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiffs failed to timely exhaust their administrative remedies.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/Karen L. Goodwin
      KAREN L. GOODWIN
      Assistant U.S. Attorney
      1550 Main Street, Room 310
      Springfield, MA 01103-1422
DATED: December 19, 2005         (413) 785-0235


CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>   Donald J. Allison
>   Linda L. Pisano
>   Allison, Angier and Bartmon, LLP
>   69 South Pleasant Stret, Suite 201
>   Amherst, MA 01002

This 19th day of December, 2005.

   /s/Karen L. Goodwin
   KAREN L. GOODWIN
   ASSISTANT UNITED STATES ATTORNEY

6