```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

JOAN M. MARCHI, Individually   )
and ANDREW J. HUTTON, as       )
Personal Representative for    )
the ESTATE OF PAULA S. HUTTON, )
                               )   Case No. 05cv30037-MAP
          Plaintiffs,          )
                               )
     v.                        )
                               )
GALE A. NORTON, SECRETARY OF   )
THE UNITED STATES DEPARTMENT   )
OF THE INTERIOR, UNITED STATES )
FISH AND WILDLIFE SERVICES,    )
                               )
          Defendant.           )

## PRIVACY ACT AND PROTECTIVE ORDER

In connection with plaintiffs' request for disclosure of documents concerning employees of the United States, which may be subject to the provisions of 5 U.S.C. § 552a (the "Privacy Act"), it is hereby stipulated and agreed by and between the parties as follows:

1.  Documents that the parties have agreed are relevant to the subject matter of plaintiffs' complaint may be released to the plaintiffs pursuant to 5 U.S.C. § 552a(b)(11).

2.  This order governs the pre-trial use of information protected by the Privacy Act. The defendant shall mark any document it produces which it believes may contain information subject to the Privacy Act as "Confidential" (hereafter "Confidential Information"). Before the plaintiffs disclose any Confidential Information to any person, such person shall have read this Order. No person who has access to Confidential

Information shall disclose such information to any person except for purposes of this litigation, and such information shall be used only for purposes of this litigation.

3. The substance of Confidential Information shall not be distributed or otherwise disclosed except as provided herein.

4. The plaintiffs and any persons retained by plaintiffs in connection with this litigation may be permitted access to Confidential Information. However, such documents and information remain subject to objections (other than Privacy Act objections) raised by the defendant under the Federal Rules of Civil Procedure, and no such objections are either waived or addressed by this Order.

5. Persons who have access to Confidential Information shall, pursuant to the provisions of the Privacy Act, follow procedures sufficient to prevent any disclosure of information that would constitute an unwarranted invasion of personal privacy while such information is in their custody. Specifically, such persons shall control and supervise the documents and of information derived from them to prevent unauthorized or accidental disclosure of personal information. No person with access to Confidential Information may extract such information from these documents and retain for any other uses.

6. To the extent that deposition testimony concerns Confidential Information, the defendant, its agents, or defendant's counsel, shall designate upon review of the

transcript any portion of the transcript which discloses Confidential Information as "Confidential," and such testimony shall not be distributed or otherwise conveyed to anyone except as provided herein.

7. The plaintiffs may mark and otherwise use Confidential Information as exhibits during the course of depositions to the extent necessary; including by displaying such documents to deponents upon expressly informing the deponent that personal information contained therein shall be kept confidential; and by questioning deponents concerning such documents. To the extent that any of the documents containing Confidential Information are used as exhibits or otherwise referred to during depositions, those exhibits and those portions of the deposition transcripts referring to the exhibits shall be designated as "Confidential," and any party filing any such documents or testimony may move to impound the Confidential portion thereof, except as otherwise ordered by the Court.

8. The Court and the parties shall address the use at trial of Confidential Information at an appropriate time before trial.

9. Within 30 days of entry of judgment in this matter, plaintiffs shall return to defendant's counsel all documents containing Confidential Information produced by the defendant, and all deposition transcripts designated as Confidential pursuant to this Protective Order.

10. To the extent the plaintiffs have requested through discovery information concerning themselves which is subject to the Privacy Act, they waive any claim for violation of their rights under the Privacy Act arising from disclosure of that information.

11. To the extent that either party wishes to modify or clarify any provision of this Order, or seek relief from any of its provisions, such party may move the Court for the requested relief.

12. This and order constitutes an exemption to the provisions of the Privacy Act of 1974 as embodied in 5 U.S.C. § 552a(b)(11) concerning the disclosure of such records.

SO ORDERED this  1  day of March, 2006.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate